No. 13,252.

COLORADO INVESTMENT AND REALTY COMPANY *v.* NEWKIRK.

(32 P. [2d] 830)

Decided May 7, 1934.

Messrs. STRICKLER & WENDELKEN, for plaintiff in error.

Mr. CHARLES H. DUDLEY, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE parties are herein referred to in inverse order as plaintiff and defendant as they appeared in the trial court.

On February 20, 1932, plaintiff filed her complaint,

which was later amended, alleging that the defendant loaned to one Nessler $6,700 in June, 1920, for which it took a five year note secured by deed of trust on a quarter section of Weld county land; that in May, 1922, it sold to plaintiff an undivided 1500/6700 interest in said loan, evidenced by a certificate of ownership for said interest issued by defendant; that plaintiff has at all times since been the owner of said certificate and that said certificate constitutes the only agreement between plaintiff and defendant concerning the transaction; that plaintiff received amounts equal to all interest due her under said certificate up to December, 1929, and thereafter received no interest or principal; that in May, 1924, without plaintiff's knowledge, defendant instituted foreclosure proceedings on said deed of trust, and at the sale in June, 1924, bid in the property for $7,961.79, and later took a trustee's deed; that plaintiff received no part of the amount for which the property was bid in by defendant; that she demanded but did not receive any part of the principal or interest; and that defendant was indebted to her in the sum of $1,500, with interest from June, 1924, for which she prayed judgment.

Defendant answered and generally admitted the facts as set out in plaintiff's complaint, and admitted the foreclosure proceedings, but alleged that they were instituted by the defendant as the agent of, and for the benefit of, the plaintiff and the other holders of certificates of ownership in said loan, and that at said foreclosure sale there were no other bidders and the defendant, in order to protect the interests of said certificate holders, bid in the property as their agent and for their benefit, and that it thereafter handled and managed said property without making any charge for its services, for the sole purpose of protecting the rights and interests of the said certificate holders, and with no gain for itself. It based its agency upon the deed of trust and the certificate of ownership above referred to, and attached to its answer

a bill of particulars showing a complete accounting of all moneys received and expended with reference to said property. Defendant further denied that it was in any wise indebted to the plaintiff, alleged that it held said property solely as agent for the benefit of the certificate holders, and tendered into court a warranty deed conveying to the plaintiff an undivided 1500/6700 interest in and to said property.

Plaintiff's demurrer to the answer was sustained by the court on the theory that the agency as claimed by defendant was contrary to the terms of the certificate of ownership. Defendant elected to stand on its answer and judgment was entered for the full amount of the face of the certificate as prayed for. Defendant seeks a reversal.

The correctness of the court's ruling depends upon the interpretation of the certificate of ownership which was attached to plaintiff's complaint as Exhibit A, and is as follows:

"Certificate of Ownership
in
First Mortgage Real Estate
Bond

"Cert. No. 1172
"Loan No. 7046                                                    $1500.00
"This is to Certify

"That The Colorado Investment and Realty Company (hereinafter referred to as the 'Company') has this day in consideration of Fifteen Hundred 00/100 Dollars ($1500.00) sold without recourse upon it, to Alma A. Newkirk (hereinafter referred to as the 'Purchaser') an undivided 1500/6700 interest in Loan No. 7046 of the Company, being principal note of Sixty seven Hundred 00/100 Dollars ($6700.00) made by J. H. Nessler due June 29, 1925 together with Seven per centum Interest Notes, payable semi-annually, secured by first Trust Deed on SE¼ Sec 17, Tp 4 North, Range 64 West 6th

Prin Meridian, recorded in book 360 at page 251 of the records of Weld County, State of Colorado.

"The conditions of the above sale, to which the purchaser, by the acceptance of this certificate, consents, are as follows:

"The notes, together with all documents pertaining to the loan, are to remain in the custody of the company for collection on account of the Purchaser, in such proportion of the whole as is herewith sold.

"The principal, in such proportion of the whole as is herewith sold, when and as collected, is to be remitted by the Company to the Purchaser, but only upon return of this Certificate properly endorsed.

"The interest accruing after date upon that proportion of the loan which, in accordance with this Certificate, has been sold to the Purchaser, and as specified in attached receipts, when and as collected, shall be remitted by the Company to the Purchaser, and receipt for same shall be detached herefrom and returned by the Purchaser to the Company.

"No deduction shall be made by the Company for its services in collecting the semi-annual interest or the principal when due.

"Upon written request of the Purchaser, after default of six months in the payment of interest or after default in the payment of the principal when due, or after any breach of covenant of the Trust Deed securing the above loan, the Company will, at its option, either take all necessary steps to foreclose, or will buy the Purchaser's interest in the loan referred to at its face value of principal and accrued interest.

"The Company reserves the right to buy the interest in said note represented by this Certificate at any time by paying the Purchaser the amount of principal and the interest accrued to date, notice to be given by letter mailed to the Purchaser at his last given address as it may appear on the records of the Company.

"This Certificate is transferable only by proper endorsement hereon by the Purchaser, in person, or by duly authorized attorney, and duly witnessed. The owner of record, in transferring this certificate, shall notify the Company in writing before the transfer shall be valid as against the Company, and the transferee by accepting transfer shall be deemed to accept all the conditions above set forth.

"In Witness Whereof, The Company has caused this Certificate to be executed by a duly authorized officer and its corporate seal to be hereunto affixed at its office in Colorado Springs, Colorado, this Eleventh day of May, 1922.

"The Colorado Investment and Realty Company.

By C. Sharpless Pastorius Treasurer (Seal)
"Attest: Albert G. Hodgetts, Asst. Sec-Treas."

██ Briefly stated, defendant's contention is that the certificate of ownership constituted defendant an agent of plaintiff with general power to collect, and that it was thereby fully empowered to do all things necessary to enforce collection and protect the interests of its principal, which would include the bidding in of the property in the absence of other bidders, as well as to represent the interests of other certificate holders.

Plaintiff seems to base her restricted agency theory on the provision of the certificate, that upon written request of the purchaser, after six months default, the company will, at its option foreclose or buy purchaser's interest at face value, and that defendant could only foreclose after written request after six months default. This provision is for the protection of the certificate holder in case of defendant's failure, neglect or refusal to act after default. It clearly defines plaintiff's rights in such event, but does not limit defendant's power.

By the arrangement provided in the certificate of purchase, a holder of a note, for the benefit of others was created, charged with expected duties, and such duties

could not be delegated to, and withheld from defendant by the same instrument. That a general agency was here created, there can be no doubt. The defendant was expected to do all things necessary to protect the interests of the several certificate holders. "Unless there is an agreement to the contrary, an authority to collect will usually carry with it power to employ counsel, or appear as attorney, and bring suit to enforce payment." 2 C. J. 633, section 275. In the case at bar, there is no restriction to the contrary in the certificate of purchase, and in aid of the power conferred to collect, the agent unquestionably had the right to make his authority effective by foreclosure, because foreclosure is the remedy afforded for collection in all such mortgage matters. It follows that defendant in the discharge of its duty toward plaintiff as well as others involved, was within its authority to institute foreclosure proceedings and follow such to their conclusion, and in the absence of other bidders, to bid in the property and thus protect the security of its principals.

The answer stated a defense and the demurrer thereto should have been overruled.

Judgment is reversed and the cause remanded with leave to plaintiff to reply and for further proceedings in conformity herewith.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.